IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

STACEY KING, )
 )
      Plaintiff, )
 )
v. ) No. 1:18-cv-672 (LMB/IDD)
 )
FEDERAL HOME LOAN MORTGAGE )
   CORPORATION, et al., )
 )
      Defendants. )

MEMORANDUM OPINION

Before the Court are defendant Professional Foreclosure Corporation's Motion to Dismiss [Dkt. No. 12] and defendants Federal Home Loan Mortgage Corporation and Nationstar Mortgage LLC's Motion to Dismiss [Dkt. No. 14]. The motions have been fully briefed and the Court has determined that oral argument would not aid the decisional process. For the reasons that follow, both motions will be granted and the Complaint will be dismissed.

I.    BACKGROUND

In this civil action, plaintiff Stacey King ("King" or "plaintiff") brings a variety of counts against defendants Federal Home Loan Mortgage Corporation ("Freddie Mac"), Nationstar Mortgage LLC ("Mr. Cooper"[1]), and Professional Foreclosure Corporation of Virginia ("PFC") (collectively, "defendants") alleging improper conduct related to the November, 2017 foreclosure sale of a property she owned (the "Property").[2]

On December 28, 2006, King executed a deed of trust (the "Deed of Trust") and a promissory note (the "Note"), whereby King borrowed $206,320 from Countrywide Home

---

[1] Nationstar Mortgage LLC was doing business as "Mr. Cooper" when undertaking the activities relevant to this civil action. Accordingly, "Mr. Cooper" is a business entity, not an individual.
[2] Plaintiff also named Specialized Loan Servicing LLC ("SLS") as a defendant in her Complaint. On July 9, 2018, the Court granted SLS's motion to dismiss and dismissed SLS from this civil action. [Dkt. No. 22].

Loans, Inc. and used the Property to secure the loan. Compl. [Dkt. No. 1-1] ¶¶ 14-17. The Deed of Trust also named MERS as Beneficiary and Samuel I. White, P.C., as Trustee. Id. ¶ 16. The same day, King executed a second deed of trust ("Credit Line Deed of Trust"), which was recorded after the Deed of Trust. Id. ¶ 18.

In 2013, SLS began servicing the loan related to the Credit Line Deed of Trust. Id. On September 18, 2017, MERS, acting as "nominee for Countrywide Home Loans, Inc.," assigned the Deed of Trust to Mr. Cooper. Id. ¶ 19. Four days later, Mr. Cooper, claiming to be the holder of the Note, executed an Appointment of Substitute Trustee, replacing Samuel I. White, P.C., with PFC. Id. ¶ 22.[3] In addition, at some point between 2006 and 2017, Mr. Cooper began servicing the loan associated with the Deed of Trust. Id. ¶ 25. Plaintiff went into default on the first loan. As a result, on November 1, 2017, PFC sold the Property at a foreclosure sale, and the Property was transferred via a Trustee's Deed to Freddie Mac. Id. ¶¶ 26-27.

After the sale, SLS notified King that it was now the servicer of the loan associated with the Deed of Trust. Id. ¶ 28. On March 9, 2018, King sent both Mr. Cooper and SLS Qualified Written Requests ("QWRs") pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). Id. ¶¶ 29-30. In response, Mr. Cooper and SLS each stated that it is the servicer of the loan associated with the Deed of Trust and each produced a copy of the Note. Id. ¶¶ 31-34. According to King, neither Freddie Mac, Mr. Cooper, nor SLS has the Note, and these entities have "provided conflicting and inaccurate information regarding possession of the Note." Id. ¶ 36. In addition, no entity has produced documentation showing a change of ownership of the Note from Countrywide Home Loans, Inc. Id. ¶ 37.

---

[3] King claims that both the assignment of the Deed of Trust and the Appointment of Substitute Trustee are invalid. Compl. ¶¶ 20-21, 23-24.

2

The present civil action followed. King's Complaint includes five counts. Count 1, which is brought only against Mr. Cooper, alleges that it violated 12 U.S.C. § 2605(b)(1)-(2), which requires that a servicer "notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person" no less than 15 days before the date of transfer, because servicing of the loan associated with the Deed of Trust was transferred to SLS on December 18, 2017 but Mr. Cooper never notified King of this transfer. Count 1 also alleges that Mr. Cooper has "a pattern or practice of noncompliance with the requirements of this section." Compl. ¶ 46. King seeks actual damages, statutory damages, and costs and attorney's fees as remedies. Counts 2 and 3, which are brought against Freddie Mac, Mr. Cooper, and PFC, each allege breach of contract. Specifically, Count 2 alleges that the Deed of Trust requires that the lender provide King with a pre-acceleration notice that meets various requirements and that none of the defendants sent this notice before foreclosing on the property. Count 3 alleges that the Deed of Trust requires that the lender or trustee provide King, "and all other persons, notice of sale as required by Applicable Law"; that Virginia law requires that written notice be provided to the property owner before any foreclosure sale; and that none of the defendants provided such notice to King. For each of Counts 2 and 3, King seeks $50,000 in damages and costs and attorney's fees. Count 4, which is brought only against PFC, alleges a breach of fiduciary duty and specifically that PFC took various actions to facilitate and complete the foreclosure sale without performing reasonable due diligence to ensure that the party requesting the foreclosure sale was authorized to make such a request and that the requirements set out in the Deed of Trust were followed. For Count 4, King requests $25,000 in damages. In Count 5, which is brought against all defendants, plaintiff claims that the assignment of the Deed of Trust to Mr. Cooper and the appointment of the Substitute Trustee, as well as the subsequently issued Trustee's Deed,

3

were invalid and have created a cloud on plaintiff's title. Accordingly, plaintiff seeks injunctive relief directing state officials to remove the assignment of the Deed of Trust, the appointment of the Substitute Trustee, and the Trustee's Deed from the land records.

II. DISCUSSION

A. **Standard of Review**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully"; instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

B. **Analysis**

1. Count 1

In Count 1, King alleges that Mr. Cooper violated 12 U.S.C. § 2605 by not providing her with timely notification of the transfer to SLS of the servicing of the loan associated with the Deed of Trust before such transfer occurred on December 18, 2017. Section 2605(b) imposes an obligation on "[e]ach servicer of any federally related mortgage loan" to "notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." Even assuming for the sake of argument that this obligation continued to apply to Mr. Cooper after the foreclosure sale occurred in November 2017,[4] Count 1 will be dismissed because King

---

[4] The Court observes that § 2605(b) applies only to the servicer of a "federally related mortgage loan," which is defined in relevant part as a loan which "is secured by a first or subordinate lien on residential real property." 12 U.S.C. § 2602. It would appear as if the loan associated with the Deed of Trust ceased to be such a loan after the foreclosure sale occurred and the security interest in the Property was extinguished; however, because Mr. Cooper does not make this

4

has not alleged any facts that give rise to a plausible claim of damages caused by Mr. Cooper's failure to provide the requested notice. Although King has conclusorily alleged that she "has suffered damages as a result of Mr. Cooper's aforementioned violations, including attorney's fees incurred," Compl. ¶ 45, she has not explained in any concrete way how she was injured by Mr. Cooper's actions.[5] For example, she has not alleged that she tried to send payments on the loan to Mr. Cooper and that those payments were not credited to her account because the servicing of the loan had been transferred. Moreover, because the transfer of the servicing obligations occurred after the foreclosure sale, King is unable to trace any harm related to the foreclosure on the Property to Mr. Cooper's failure to provide this notice. Lastly, King has alleged that SLS provided her with notice of the transfer of servicing responsibilities, id. ¶ 28, which indicates that King timely received actual notice of the transfer and further supports the conclusion that she did not sustain any actual damages as a result of Mr. Cooper's failure to send such notice. Therefore, Count 1 will be dismissed.

2. Counts 2 and 3

In Counts 2 and 3, King claims that defendants breached the Deed of Trust by failing to adequately provide a notice of acceleration or notice of the foreclosure sale. The Deed of Trust provides that "prior to acceleration following Borrower's breach," the lender must give notice, which notice shall "specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be

---

precise argument, the Court assumes without deciding that § 2605(b) continued to apply to the loan at issue.

[5] King also claims that she is entitled to additional statutory damages because of "Mr. Cooper's pattern or practice of noncompliance with the requirements of this action," Compl. ¶ 48; however, even assuming King has plausibly alleged a single violation of § 2605 by Mr. Cooper, she has not alleged any of the facts that would be necessary to show a pattern or practice of violations (or, indeed, even a second violation). Accordingly, King is not entitled to statutory damages.

5

cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by" the Deed of Trust and "sale of the Property." Deed of Trust ¶ 22. In addition, the pre-acceleration notice must "further inform the Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." Id. With respect to notice of the foreclosure sale, the Deed of Trust requires the lender or trustee to "give to Borrower, the owner of the Property, and all other persons, notice of sale as required by Applicable Law." Id.

These counts will be dismissed because defendants have adequately demonstrated that they sent the notices required under the Deed of Trust. See PFC Mem. Exs. A, B [Dkt. Nos. 13-1 & 13-2]; Freddie Mac Reply Ex. A [Dkt. No. 26-1].[6] As the documents demonstrate, Mr. Cooper sent King a pre-acceleration notice titled "Notice of Default and Intent to Accelerate" on July 13, 2017, which met all of the requirements listed in the Deed of Trust. Moreover, the pre-acceleration notice was sent both to the Property as well as to King's Raleigh, North Carolina address. In addition, on October 10, 2017, PFC sent King a foreclosure sale notice titled "Notice of Substitute Trustee's Foreclosure Sale Pursuant to Virginia Code § 55-59.1(A) and Deed of Trust," which met all of the notice requirements under both the Deed of Trust and Virginia law. As with the pre-acceleration notice, this foreclosure notice was sent both to the Property and to King's North Carolina address, and PFC has provided the United States Postal Service's certified return receipt and confirmation of shipment demonstrating that the notice sent to the Property

---

[6] Although these documents are attached to defendants' briefs rather than to the Complaint, the Court may consider them without converting the motions to dismiss into motions for summary judgment because they are "integral to and explicitly relied on in the complaint" and King does "not challenge [their] authenticity." Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004). In addition, the United States Postal Service's return receipt is a matter of public record, which may appropriately be considered in evaluating a motion to dismiss. Philips v. Pitt Cty. Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

was appropriately delivered. See PFC Reply Ex. B [Dkt. No. 25-2]. Accordingly, because defendants fully complied with the Deed of Trust and Virginia law in providing a pre-acceleration notice and a foreclosure sale notice, Counts 2 and 3 will be dismissed.

3. Counts 4 and 5

Count 4 alleges that PFC breached its fiduciary duty to King by conducting the foreclosure sale without "perform[ing] reasonable due diligence . . . by failing to make any inquiry into whether the requesting party was authorized or had the authority to take actions under the Deed of Trust." Compl. ¶ 72.[7] Count 5, which is brought against all defendants, claims that MERS did not have the authority to assign the Deed of Trust to Mr. Cooper, which means that the Appointment of Substitute Trustee was invalid and that the Trustee's Deed is void. Id. ¶¶ 78-82. Both of these counts will be dismissed.

In substance, both Counts 4 and 5 challenge the validity of the underlying transfer of the Deed of Trust and claim that Mr. Cooper did not appropriately have possession of the original, endorsed Note to allow it to initiate the foreclosure process; however, in Virginia, "show me the note" claims that attempt to force a forecloser to prove standing may not be brought, regardless of how they are pled. See, e.g., Pham v. Bank of N.Y., 856 F. Supp. 2d 804, 810 (E.D. Va. 2012) (The "show me the note" theory has "been widely rejected as 'contrary to Virginia's non-judicial foreclosure laws.'" (quoting Gallant v. Deutsche Bank Nat'l Trust Co., 766 F. Supp. 2d 714, 721 (W.D. Va. 2011))); see also id. ("In sum, because Virginia law unequivocally disallows a 'show me the note' claim against a noteholder, it also disallows similar 'show me the noteholder's

---

[7] Count 4 also alleges that PFC breached its fiduciary duty by failing to engage in reasonable due diligence to ensure that the appropriate acceleration and foreclosure sale notices had been sent. Compl. ¶ 72. As discussed above, defendants have demonstrated that these notices were sent to King in accordance with the Deed of Trust. Accordingly, plaintiff cannot maintain any plausible claim that PFC breached its fiduciary duty with respect to determining whether these notices were sent.

7

authority' claims . . . ."). Because Counts 4 and 5 are based, in substance, on a claim that Mr. Cooper did not have the authority to initiate the appointment of a substitute trustee and the subsequent foreclosure sale, they are both improper "show me the note" claims and will be dismissed.[8]

In addition, Counts 4 and 5 will be dismissed on the independent basis that both counts rely on a challenge to the validity of documents—the assignment of the Deed of Trust and the appointment of the substitute trustee—to which King is not a party and, therefore, which she does not have standing to challenge. In general, a plaintiff who is neither a party to nor an intended beneficiary of a contract does not have standing to challenge the contract. See Wolf v. Fed. Nat'l Mortg. Ass'n, 512 F. App'x 336, 342 (4th Cir. 2013). More specifically, a number of cases have applied this principle to the mortgage context and have appropriately held that borrowers do not have standing to challenge the assignment of a deed of trust or the appointment of a substitute trustee. See, e.g., Morrison v. Wells Fargo Bank, N.A., 30 F. Supp. 3d 449, 454 (E.D. Va. 2014) ("Plaintiff has not alleged that he is a party, intended beneficiary nor had direct involvement in the Appointment of Substitute Trustee execution. Without an enforceable contract right, Plaintiff lacks standing to attack the validity of the appointment."). Accordingly, King does not have standing to challenge either the assignment of the Deed of Trust or the appointment of the substitute trustee, and because Counts 4 and 5 are both premised on the invalidity of these documents, they will be dismissed.

Lastly, Count 5 must also be dismissed because King does not plead that she has superior title to the Property. In Virginia, "an action to quiet title is based on the premise that a person

---

[8] Even if "show me the note" claims were cognizable in Virginia, these counts would still be dismissed on the merits because PFC has demonstrated that it currently possesses the Note, which is endorsed in blank, and possession of the Note gives PFC the right to enforce it under Virginia law. See PFC Reply Ex. A; Va. Code § 8.3A-301.

with good title to certain real or personal property should not be subject to various future claims against that title." Maine v. Adams, 672 S.E.2d 862, 866 (Va. 2009). As such, a quiet title plaintiff is asking the "court to declare that [s]he has good title to the property in question"; she is not merely asking the court to declare that the defendant does not have an interest in the property. Id. Applying this principle to the foreclosure context, courts have consistently held that a mortgagor cannot win a quiet title action without alleging that she has "fully satisfied [her] obligations to the real party in interest." Tapia v. U.S. Bank, N.A., 718 F. Supp. 2d 689, 700 (E.D. Va. 2010), aff'd, 441 F. App'x 166 (4th Cir. 2011); see also, e.g., Matanic v. Wells Fargo Bank, N.A., No. 3:12-cv-472, 2012 WL 4321634, at *7 (E.D. Va. Sept. 19, 2012) (same); Squire v. Va. Housing Dev. Auth., 758 S.E.2d 55, 62 (Va. 2014) (same). In this case, King has not pleaded that she was in full compliance with her obligations under either the Note or Deed of Trust, which means that she has not appropriately pleaded her superior title and Count 5 will be dismissed.

III. CONCLUSION

For the reasons stated above, defendants' motions to dismiss will be granted and the Complaint will be dismissed by an appropriate Order to be issued with this Memorandum Opinion.

Entered this 17 day of July, 2018.

/s/
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia